UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN F. ROMERO,<br><br>     Plaintiff,<br><br>  v.<br><br>IDAHO STATE CORRECTIONAL INSTITUTION; WARDEN T. DAVIS; and STATE OF IDAHO,<br><br>     Defendants. | Case No. 1:23-cv-00175-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kevin F. Romero's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than …

unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a plausible claim for relief. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations amounting to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires the Court to review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss any claims lacking adequate factual support or claims that are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or claims seeking monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims falling outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

*by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

## 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Center. Plaintiff's claims appear to have arisen when Plaintiff was incarcerated at the Idaho State Correctional Institution ("ISCI").

Plaintiff alleges that he is disabled and requires handicap-accessible prison facilities, including showers. (*Compl.*, Dkt. 3, at 3). Disabled prisoners at ISCI who need such accessibility take their showers in one particular building, which is separate from Plaintiff's housing unit and from the building where inmates enjoy recreation and dayroom time. (*Id.* at 4).  On two occasions in May 2021, prison staff did not provide Plaintiff the opportunity to shower for a period of days: a five-day period and a six-day period. Plaintiff states an unidentified correctional officer inaccurately reported that Plaintiff had refused to shower. (*Id.* at 3).

Plaintiff also alleges he was unable to take a dose of his blood pressure medication on two occasions because his "recreation and dayroom time occurred during pill call." (*Id.* at 4). He also asserts he repeatedly asked for concern forms and "access to court" forms, but officials "rarely delivered any." (*Id.*).

Finally, the Complaint contains the following vague allegations:  (1) the prison does not have sufficient emergency call boxes in the administrative segregation unit or in the shower areas, (2) the prison generally lacks handicap-accessible "holding rooms and bed space", and (3) the prison is overcrowded. (*Id.* at 8).

3.     **Discussion**

The Complaint does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

A.     ***ADA Claims***

Plaintiff appears to assert that some of Defendants' actions (or inaction)—the lack of handicap-accessible showers, holding rooms, bed space, and call boxes—violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (*See Compl*. at 6-8). The ADA generally prohibits discrimination on the basis of an individual's disability. To proceed with an ADA claim, a plaintiff must plausibly allege the following: (1) he has a disability; (2) he is otherwise qualified to participate in or receive a public entity's services, programs, or activities; (3) he was denied the benefits of those services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was because of his disability. *See Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

It does not appear the ADA can be used to challenge the lack of handicap-accessible prison facilities. Many years ago, in *Frost v. Agnos*, the Ninth Circuit suggested that such claims can be analyzed under the Eighth Amendment. 152 F.3d 1124, 1129 (9th Cir. 1998) ("Whether prison officials must provide handicapped-accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches presents an issue of first impression in our court…. [W]e conclude that a triable issue of fact exists with regard to whether the failure to provide Frost with adequate shower facilities resulted in the violation of his constitutional rights ….") (applying Eighth Amendment standards to pretrial detainee's due process claims). There is, however, a lack of

binding authority establishing an additional right *under the ADA* to handicap-accessible prison facilities.

Other courts have determined the ADA is not the proper vehicle to challenge lack of handicap-accessible facilities in prison. In *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) the Seventh Circuit held the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" because "incarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity'" under the ADA. *See also Thomas v. Pennsylvania Dep't of Corr.*, 615 F. Supp. 2d 411, 426 (W.D. Pa. 2009) (rejecting prisoner's ADA claim that prison officials failed "to accommodate his disability by denying his requests for a handicap cell" because the lack of meaningful access to an accessible toilet, sink, and shower, and being denied the ability to dress oneself, were "not programs or activities as contemplated by Title II of the ADA").

The United States District Court for the Central District of California has also suggested that handicap-accessibility claims by prisoners are appropriately analyzed under the Eighth Amendment, *not* under the ADA. *Manard v. CSP-LAC*, No. 2:22-CV-04646-FMO-KES, 2022 WL 19237968, at *3 (C.D. Cal. Oct. 4, 2022) (unpublished). In *Manard*, the court recognized that the failure to provide safe and accessible facilities for prisoners can constitute cruel and unusual punishment in violation of the Eighth Amendment. The court went on to hold, however, that the failure to provide ADA-compliant prison facilities does not violate a disabled inmate's constitutional rights so long as "other accommodations are available that would enable the inmate to shower safely." *Id.*

The Court finds the reasoning of these courts persuasive and concludes that the ADA does not itself provide an independent right to handicap-accessible prison facilities or call boxes. The

lack of these items or facilities is, at its core, a conditions-of-confinement claim. Such a claim fits much more closely within an Eighth Amendment framework than within an ADA framework. Indeed, the ADA is focused on disability-based *discrimination*—not on lack of access or necessary aides with which to ensure a disabled inmate's health and safety.

### B.    *Eighth Amendment Claims*

The Court now turns to analyze Plaintiff's handicap-accessibility and call box claims under the Eighth Amendment.  Plaintiff brings his Eighth Amendment claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the

constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted). A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ*., 166 F.3d 1032, 1036 (9th Cir. 1999).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

       i.      <u>Handicap-Accessibility (Showers, Holding Rooms, Bed Space, and Call Boxes) and Prison Overcrowding</u>

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, although prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). In considering whether prison conditions are cruel and unusual, a court must examine the challenged condition and "determine whether that condition is compatible with the evolving standards of decency that mark the progress of a maturing society." *Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981) (internal quotation marks omitted).

An inmate challenging the conditions of his confinement under the Eighth Amendment must make two showings. First, the plaintiff must make an objective showing that the deprivation

was serious enough "to form the basis for an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, "sufficiently grave." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Johnson*, 217 F.3d at 731 (internal quotation marks omitted). This state of mind is referred to as "deliberate indifference." *Id*. at 733. To establish an official's deliberate indifference, an inmate must show that (1) the official was aware of a substantial risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id*. at 844-45. Mere negligence is not sufficient to establish deliberate indifference. Rather, the official's conduct must have been wanton. *Id*. at 835.

With respect to handicap-accessibility showers or other prison facilities, a disabled prisoner states a claim for cruel and unusual punishment if he plausibly alleges that a prison official failed to repair a dangerous condition after the official was made aware of a substantial risk of serious injury. *See Frost*, 152 F.3d at 1129.  For example, the inmate in *Frost* had a broken leg, which required crutches. A prison doctor recommended that the inmate be housed in a handicapped unit, but prison officials failed to do so. The inmate then fell and injured himself in the shower several times.  *Id.*  Prison employees were aware of the previous injuries and could have taken "basic steps" to guarantee the inmate's safety, such as allowing the prisoner to use a chair in the shower, installing a handicap bar, or providing a guard to assist him.  *Id.*  On these facts, the Ninth Circuit

concluded that "a triable issue of fact exists with regard to whether the failure to provide [the inmate] with adequate shower facilities resulted in the violation of his constitutional rights." *Id*.

Here, in contrast, the Complaint fails to state a plausible Eighth Amendment claim based on Plaintiff's temporary lack of access to a handicap-accessible shower. Plaintiff was denied the opportunity to shower for five days and, later, for six days. This conduct is insufficiently severe to constitute cruel and unusual punishment.  Plaintiff does not contend that he was in particular need of a shower, such as having been exposed to an infectious disease or a potentially harmful chemical. Simply put, "[t]he Constitution is reserved for more serious matters." *Kesling v. Becirovic*, No. 1:19-CV-00352-DCN, 2019 WL 6702415, at *7 (D. Idaho Dec. 9, 2019) (unpublished); *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

Plaintiff's allegations about the prison's lack of sufficient handicap-accessible holding rooms or bed space are vague and overly generalized. As such, they do not support a reasonable inference that any Defendant deliberately disregarded a substantial risk of serious harm to Plaintiff's health or safety. *See Iqbal*, 556 U.S. at 678.

Plaintiff's general overcrowding claim fares no better. Bare allegations of such overcrowding do not state a claim under § 1983. *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) ("[T]his fact [that the prison was 50 percent overcrowded] has no constitutional significance standing alone. Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an [E]ighth [A]mendment violation."); *see also Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (holding that double-celling inmates is not a per se constitutional violation).

As for Plaintiff's call-box claims, Plaintiff does not set forth any specific injury or safety hazard posed based on where the prison places its call boxes. Though it is true that an inmate need not wait for an actual injury to assert a safety-hazard claim under the Eighth Amendment, *see Helling v. McKinney*, 509 U.S. 25, 33 (1993), the inmate must still allege a *substantial* risk of *serious* harm. Call boxes are not specifically required by the Constitution. If prison officials can ensure prisoner safety in other ways, that is all that the Eighth Amendment requires.

The Complaint does not allege that correctional officers do not regularly check on inmates to ensure their safety or that other inmate-safety precautions are absent. Thus, there is nothing in the Complaint to plausibly suggest that prison officials' placement of call boxes constitutes a substantial risk or serious harm. *See Armstrong v. Terrebonne Par. Sheriff*, No. CIV.A. 06-573, 2006 WL 1968887, at *6 (E.D. La. June 6, 2006) (unpublished) ("The Constitution requires neither ladders for bunk beds nor call boxes to remedy the fall experienced by plaintiff."). And even if there were such a risk, Plaintiff does not plausibly allege any Defendant was aware of, and deliberately disregarded, that risk.

None of the conditions of confinement described in the complaint gives rise to a reasonable inference that Plaintiff suffered, or will suffer, an objectively grave or serious deprivation, nor has Plaintiff plausibly alleged sufficient subjective intent. Accordingly, Plaintiff's handicap-accessibility, call box, and overcrowding claims must be dismissed as implausible.

ii.     Medical Treatment Claims

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

As to the subjective prong of an Eighth Amendment analysis, deliberate indifference in the medical context can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Plaintiff claims that he was denied the opportunity to take his blood pressure medication on two occasions. Like Plaintiff's other Eighth Amendment claims, these medication claims are similarly implausible under the first prong of the Eighth Amendment analysis. Plaintiff has not alleged any injury he suffered as a result of missing these single doses of his medication, much less an injury detrimental to his serious medical needs.

Further, Plaintiff has not plausibly alleged that any government official actually caused him to miss these dosages or subjectively acted with a sufficiently culpable state of mind under the subjective prong of the analysis. Plaintiff is responsible for going to pill call when it is time for

his medication. His decision to spend that time instead at recreation or in the dayroom does not render prison officials deliberately indifferent to Plaintiff's serious medical needs.

For these reasons, Plaintiff's Eighth Amendment medical treatment claims must be dismissed as implausible.

### C.    Access-to-Courts Claims

Plaintiff also appears to allege that prison officials' failure to provide him with concern forms and access-to-courts forms upon request violated his right to access the courts.  Prisoners have a right to access the courts under the First and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). To state a viable access-to-courts claim, a prisoner must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Lewis*, 518 U.S. at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id.* at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.* at 360 (emphasis added). There is no constitutional right for a prisoner to be able "to litigate effectively once in court." *Id.* at 354 (emphasis omitted). Moreover, a plaintiff cannot state an access to courts claim by alleging that a negligent act by a government official caused the actual injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988 WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process

right of access to the courts, the negligent act of a public official does not violate that right.")
(unpublished) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).

The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354-55; *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.") (emphasis omitted), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

Claims of denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (a forward-looking access claim) or from the loss of a suit that now cannot be pursued (a backward-looking access claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). A complaint alleging a denial of access to the courts must plausibly allege the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a

plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id*. at 415.

The Complaint fails to state a plausible access-to-courts claim for two reasons. First, Plaintiff does not explain what underlying claim he was (or will be) prohibited from asserting as a result of prison officials' failure to provide him with the requested forms. Second, Plaintiff has failed to allege he suffered an actual injury to his right to access the courts. Therefore, Plaintiff's access-to-courts claims are subject to dismissal.

### D.     Claims Against the State of Idaho and ISCI

Plaintiff's claims against the State of Idaho and ISCI must be dismissed for an additional reason. States and state entities are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, even if the state and prison were "persons" for purposes of § 1983, they would be immune from suit in federal court under the Eleventh Amendment. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Quern v. Jordan*, 440 U.S. 332, 342-44 (1979) (holding that § 1983 does not waive state sovereign immunity); *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (holding that Idaho itself has not waived state sovereign immunity for constitutional claims).

### E.     State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims of negligence. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint and is allowed to proceed on a federal claim, and if that amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

4.     **Standards for Amended Complaint**

If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each Defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the Defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the Defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment or access-to-courts claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each Defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course

or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.   The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion

to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of

Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2.      If Plaintiff does not file a timely amended complaint, this case may be dismissed

with prejudice and without further notice for failure to state a claim upon which

relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: December 21, 2023

Amanda K. Brailsford
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).